```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MARIA LOPEZ,

                            Plaintiff,

        -against-                                    Docket Number:

GARY BARNETT and AYALA BARNETT                       7:20-cv-07179 (CS) (PED)

                            Defendant(s).
-----------------------------------------------------------------X
```

## ANSWER TO AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES

Defendants Gary Barnett and Ayala Barnett ("Defendants"), by and through its attorneys, Rivkin Radler LLP, answers the Plaintiff Maria Lopez's complaint ("Complaint") as follows:

## NATURE OF THE ACTION

1. Defendants deny the allegations contained in Paragraph "1" of Plaintiff's Complaint, except admit Plaintiff performed work services as a live-in domestic housekeeper for Defendants.

2. The allegations contained in Paragraph "2" of Plaintiff's Complaint describes conclusions of law rather than statements of fact, and accordingly, requires no response. To the extent that a response is required, Defendants deny the allegations and refer all questions of law to this Court.

## JURISDICTION

3. The allegations contained in Paragraph "3" of Plaintiff's Complaint describes conclusions of law rather than statements of fact, and accordingly, requires no response. To the extent that a response is required, Defendants deny the allegations and refer all questions of law to this Court.

Case 7:20-cv-07179-CS   Document 12   Filed 11/04/20   Page 2 of 16

**VENUE**

4. The allegations contained in Paragraph "4" of Plaintiff's Complaint describes conclusions of law rather than statements of fact, and accordingly, requires no response. To the extent that a response is required, Defendants deny the allegations and refer all questions of law to this Court.

**THE PARTIES**

**Plaintiff Maria Lopez**

5. Defendants lack sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph "5" of Plaintiff's Complaint and therefore deny the allegations.

6. Defendants deny the allegations contained in Paragraph "6" of Plaintiff's Complaint, except admit Plaintiff performed work services as a live-in domestic housekeeper at Defendants homes.

7. Defendants deny the allegations contained in Paragraph "7" of Plaintiff's Complaint, except admit Plaintiff performed work services as a live-in domestic housekeeper at Defendants homes where Plaintiff had a bedroom and bath for her use.

8. Defendants admit the allegations contained in Paragraph "8" of the Complaint, except deny the allegation that Defendants' home is in Scott, P.A.

**Defendants Gary Barnett and Ayala Barnett**

9. Defendants admit the allegations contained in Paragraph "9" of the Complaint, except deny the allegations that the children are the ages Plaintiff has alleged in Paragraph "9."

10. Defendants deny the allegations contained in Paragraph "10" of Plaintiff's Complaint, except admit that Gary Barnett is a resident of Rockland County, New York.

11. Defendants deny the allegations contained in Paragraph "11" of Plaintiff's Complaint, except admit that Gary Barnett is a principal and founder of Extell Development Company that has developed real estate projects in New York including One 57 and Central Park Tower.

12. Defendants deny the allegations contained in Paragraph "12" of Plaintiff's Complaint.

13. Defendants deny the allegations contained in Paragraph "13" of Plaintiff's Complaint, except admit that when Plaintiff performed work services for the Defendants, Plaintiff and Defendant Gary Barnett would discuss and reach an agreement as to Plaintiff's work schedule, compensation, and hours worked, and that, Defendant Gary Barnett paid Plaintiff on Fridays.

14. Defendants deny the allegations contained in Paragraph "14" of Plaintiff's Complaint, except admit that Defendant Ayala Barnett is a resident of Rockland County New York.

15. Defendants deny the allegations contained in Paragraph "15" of Plaintiff's Complaint.

16. The allegations contained in Paragraph "16" of Plaintiff's Complaint describes conclusions of law rather than statements of fact, and accordingly, require no response. To the extent that a response is required, Defendants deny the allegations and refer all questions of law to this Court.

**FACTS**

**Queens Residence**

17. Defendants deny the allegations contained in Paragraph "17" of Plaintiff's Complaint, except admit that Plaintiff performed work services as a live-in domestic housekeeper at Defendants' home in Queens, New York.

18. Defendants deny the allegations contained in Paragraph "18" of Plaintiff's Complaint, except admit Plaintiff performed work duties as a live-in domestic housekeeper at Defendants home in Queens, New York

19. Defendants deny the allegations contained in Paragraph "19" of Plaintiff's Complaint, except admit for a time Defendants divided their time between their home in Queens and a house they rented.

20. Defendants deny the allegations contained in Paragraph "20" of Plaintiff's Complaint, except admit that on certain holidays Defendants would host dinners for family and guests and that Plaintiff and Defendant Ayala Barnett worked on preparing the meal, and that Plaintiff and others would clean up after the meal, either shortly after the guests left or the next morning.

21. Defendants admit the allegations contained in Paragraph "21" of the Complaint.

**Rented Monsey Residence**

22. Defendants deny the allegations contained in Paragraph "22" of Plaintiff's Complaint, except admit that Plaintiff worked for Defendants as a live-in domestic housekeeper at their home in Monsey, New York.

23. Defendants deny the allegations contained in Paragraph "23" of the Complaint, except admit that Plaintiff worked for Defendants as a live-in domestic housekeeper at their home in Monsey, New York.

24. Defendants deny the allegations contained in Paragraph "24" of Plaintiff's Complaint, except admit that Plaintiff worked for Defendants as a live-in domestic housekeeper.

25. Defendants deny the allegations contained in Paragraph "25" of Plaintiff's Complaint, except admit that Plaintiff had her own room and bathroom in the Defendants home in Monsey, New York.

**Constructed Monsey Residence**

26. Defendants admit the allegations contained in Paragraph "26" of the Complaint.

27. Defendants deny the allegations contained in Paragraph "27" of Plaintiff's Complaint, except admit that during some time when Plaintiff performed work services for the Defendants, Defendants were building a home in Monsey, New York.

28. Defendants deny the allegations contained in Paragraph "28" of Plaintiff's Complaint.

**Pennsylvania Residence**

29. Defendants deny the allegations contained in Paragraph "29" of Plaintiff's Complaint, except admit that when Plaintiff performed work services for the Defendants during the summer, Defendants spent some time at their home in Pennsylvania.

30. Defendants admit the allegations contained in Paragraph "30" of the Complaint.

31. Defendants deny the allegations contained in Paragraph "31" of Plaintiff's Complaint.

32. Defendants deny the allegations contained in Paragraph "32" of Plaintiff's Complaint.

33. Defendants deny the allegations contained in Paragraph "33" of Plaintiff's Complaint, except admit that Defendants would sometimes invite guests to visit and stay with them for weekends at their home.

34. Defendants deny the allegations contained in Paragraph "34" of Plaintiff's Complaint, except admit that Plaintiff and Defendant Ayala Barnett worked on preparing meals for the Defendants and their guests, cleaning up afterward, and that Plaintiff performed other live-in domestic housekeeping work services during the time Defendants were at their home in Pennsylvania.

35. Defendants deny the allegations contained in Paragraph "35" of Plaintiff's Complaint, except admit on occasion Plaintiff spent the night at Defendants' daughter's adjacent home in Pennsylvania, and for one summer, Plaintiff had her own adjoining cottage in Pennsylvania.

**Lopez's Work Duties**

36. Defendants deny the allegations contained in Paragraph "36" of Plaintiff's Complaint.

37. Defendants deny the allegations contained in Paragraph "37" of Plaintiff's Complaint.

38. Defendants deny the allegations contained in Paragraph "38" of Plaintiff's Complaint, except admit that Plaintiff would regularly text Defendant Ayala Barnett and ask what she was planning for dinner that day.

39. Defendants deny the allegations contained in Paragraph "39" of Plaintiff's Complaint, except admit that Plaintiff performed work services as a live-in domestic housekeeper and performed tasks normally associated with that role.

40. Defendants deny the allegations contained in Paragraph "40" of Plaintiff's Complaint, except admit that Plaintiff regularly cooked meals for the Defendants.

41. Defendants deny the allegations contained in Paragraph "41" of Plaintiff's Complaint, except admit that Defendants and their family regularly held Shabbat dinners in Queens or Monsey, to which they sometimes invited guests.

42. Defendants deny the allegations contained in Paragraph "42" of Plaintiff's Complaint, except admit that on Fridays before Shabbat Plaintiff and Defendant Ayala Barnett worked on preparing the Shabbat meal, which was the normal principal activity on Fridays.

43. Defendants deny the allegations contained in Paragraph "43" of Plaintiff's Complaint, except admit that after the Shabbat meal, Plaintiff and others including Defendants' family cleared the table and cleaned up.

44. Defendants deny the allegations contained in Paragraph "44" of Plaintiff's Complaint.

45. Defendants deny the allegations contained in Paragraph "45" of Plaintiff's Complaint, except admit that Defendants often went out to dinner on Thursdays.

46. Defendants deny the allegations contained in Paragraph "46" of Plaintiff's Complaint, except that beginning in approximately January 2017, from time to time Plaintiff performed work at the home of Defendant Gary Barnett's daughter, who was seriously ill, and continued to do so until September 2017, when his daughter died.

47. Defendants deny the allegations contained in Paragraph "47" of Plaintiff's Complaint.

48. Defendants deny the allegations contained in Paragraph "48" of Plaintiff's Complaint, except admit that after the death of Defendant Gary Barnett's daughter in September 2017, the two households lived as one family until Plaintiff quit her employment in March 2020.

49. Defendants deny the allegations contained in Paragraph "49" of Plaintiff's Complaint, except admit that during the period from October 2017 through March 2020, Defendants sometimes conducted the Shabbat dinner at their home in Monsey and sometimes in the nearby home of Defendants' late daughter.

**Lopez's Work Schedule**

50. Defendants deny the allegations contained in Paragraph "50" of Plaintiff's Complaint.

51. Defendants deny the allegations contained in Paragraph "51" of Plaintiff's Complaint.

52. Defendants deny the allegations contained in Paragraph "52" of Plaintiff's Complaint.

53. Defendants deny the allegations contained in Paragraph "53" of Plaintiff's Complaint, except admit that Plaintiff worked a part-time schedule, during Defendants time in Pennsylvania.

54. Defendants deny the allegations contained in Paragraph "54" of Plaintiff's Complaint.

**Lopez's Compensation**

55. Defendants deny the allegations contained in Paragraph "55" of Plaintiff's Complaint.

56. Defendants deny the allegations contained in Paragraph "56" of Plaintiff's Complaint, except admit that for a time period Defendants paid Plaintiff $700 per workweek.

57. Defendants deny the allegations contained in Paragraph "57" of Plaintiff's Complaint, except admit that that for a time period Defendants paid Plaintiff $750 per workweek.

58. Defendants deny the allegations contained in Paragraph "58" of Plaintiff's Complaint, except admit that for a time period Defendants paid Plaintiff $800 per workweek.

59. Defendants deny the allegations contained in Paragraph "59" of Plaintiff's Complaint, except admit that for a time period Defendants paid Plaintiff $850 per workweek.

60. Defendants deny the allegations contained in Paragraph "60" of Plaintiff's Complaint, except admit that for a time period Defendants paid Plaintiff $900 per workweek.

61. Defendants deny the allegations contained in Paragraph "61" of Plaintiff's Complaint, except admit that that for a time period Defendants paid Plaintiff $950 per workweek.

62. Defendants deny the allegations contained in Paragraph "62" of Plaintiff's Complaint, except admit that Plaintiff did receive reimbursement for expenses, and that that for a time period Defendants paid Plaintiff $1,000 per workweek.

63. Defendants deny the allegations contained in Paragraph "63" of Plaintiff's Complaint, except admit that Plaintiff did receive reimbursement for expenses, and that that for a time period Defendants paid Plaintiff $1,000 per workweek.

64. Defendants deny the allegations contained in Paragraph "64" of Plaintiff's Complaint, except admit that Plaintiff did receive reimbursement for expenses, and that that for a time period Defendants paid Plaintiff $1,000 per workweek and a bonus.

**Lopez's Resignation**

65. Defendants deny the allegations contained in Paragraph "65" of Plaintiff's Complaint, except admit when COVID-19 pandemic required quarantines and other protective measures beginning in March 2020, Plaintiff declined Defendants' offer that she and her son move into Defendants' residence and instead elected to quit her employment.

66. Defendants admit the allegations contained in Paragraph "66" of Plaintiff's Complaint.

## FIRST CLAIM
### (FLSA – Unpaid Overtime Wages)

67. Defendants repeat and reallege each and every one of its responses heretofore made in each of the proceeding paragraphs of this Answer with the same force and effect as though fully set forth herein.

68. Defendants deny the allegations contained in Paragraph "68" of Plaintiff's Complaint.

69. Defendants deny the allegations contained in Paragraph "69" of Plaintiff's Complaint.

70. Defendants deny the allegations contained in Paragraph "70" of Plaintiff's Complaint.

71. Defendants deny the allegations contained in Paragraph "71" of Plaintiff's Complaint.

## SECOND CLAIM
### (NYLL – Unpaid Overtime Wages)

72. Defendants repeat and reallege each and every one of its responses heretofore made in each of the proceeding paragraphs of this Answer with the same force and effect as though fully set forth herein.

73. Defendants deny the allegations contained in Paragraph "73" of Plaintiff's Complaint.

74. Defendants deny the allegations contained in Paragraph "74" of Plaintiff's Complaint.

75. Defendants deny the allegations contained in Paragraph "75" of Plaintiff's Complaint.

76. Defendants deny the allegations contained in Paragraph "76" of Plaintiff's Complaint.

77. Defendants deny the allegations contained in Paragraph "77" of Plaintiff's Complaint.

78. Defendants deny the allegations contained in Paragraph "78" of Plaintiff's Complaint.

## THIRD CLAIM
### (NYLL – Failure to Provide Wage Statements)

79. Defendants repeat and reallege each and every one of its responses heretofore made in each of the proceeding paragraphs of this Answer with the same force and effect as though fully set forth herein.

80. Defendants deny the allegations contained in Paragraph "80" of Plaintiff's Complaint, except admit that Defendants did not provide Plaintiff with wage statements.

81. Defendants deny the allegations contained in Paragraph "81" of Plaintiff's Complaint.

### AS TO THE PLAINTIFF'S PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to the relief requested in the Wherefore clause of the Plaintiff's Complaint and the accompanying Prayer for Relief.

a. Defendants neither admit nor deny the allegations set forth in Paragraph a of Plaintiff's complaint as it is not a factual allegation but rather a prayer for relief, to the extent an answer is deemed required, Defendants deny the allegations of Plaintiff's complaint;

b. Defendants neither admit nor deny the allegation set forth in Paragraph b of Plaintiff's complaint as it is not a factual allegation but rather a prayer for relief, to the extent an answer is deemed required, Defendants deny the allegation of the complaint.

c. Defendants neither admit nor deny the allegation set forth in Paragraph c of Plaintiff's complaint as it is not a factual allegation but rather a prayer for relief, to the extent an answer is deemed required, Defendants deny the allegation of the complaint.

d. Defendants neither admit nor deny the allegation set forth in Paragraph d of Plaintiff's complaint as it is not a factual allegation but rather a prayer for relief, to the extent an answer is deemed required, Defendants deny the allegation of the complaint.

e. Defendants neither admit nor deny the allegation set forth in Paragraph e of Plaintiff's complaint as it is not a factual allegation but rather a prayer for relief, to the extent an answer is deemed required, Defendants deny the allegation of the complaint.

f. Defendants neither admit nor deny the allegation set forth in Paragraph f of Plaintiff's complaint as it is not a factual allegation but rather a prayer for relief, to the extent an answer is deemed required, Defendants deny the allegation of the complaint.

g. Defendants neither admit nor deny the allegation set forth in Paragraph g of Plaintiff's complaint as it is not a factual allegation but rather a prayer for relief, to the extent an answer is deemed required, Defendants deny the allegation of the complaint.

h.      Defendants neither admit nor deny the allegation set forth in Paragraph h of Plaintiff's complaint as it is not a factual allegation but rather a prayer for relief, to the extent an answer is deemed required, Defendants deny the allegation of the complaint.

i.      Defendants neither admit nor deny the allegation set forth Paragraph i of Plaintiff's complaint as it is not a factual allegation but rather a prayer for relief, to the extent an answer is deemed required, Defendants deny the allegation of the complaint.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses without assuming any burden of production or proof that would not otherwise have.

### AS AND FOR DEFENDANTS' FIRST AFFIRMATIVE DEFENSE

Some or all of the claims made in the Complaint fail to set forth a claim for which relief may be granted.

### AS AND FOR DEFENDANTS' SECOND AFFIRMATIVE DEFENSE

Plaintiff performed work services for Defendants as a domestic service worker as defined under the FLSA and was exempt from overtime pay requirement.

### AS AND FOR DEFENDANTS' THIRD AFFIRMATIVE DEFENSE

New York Wage Orders apply the exemptions of the FLSA, barring, in whole or in part, the prosecution of this action.

### AS AND FOR DEFENDANTS' FOURTH AFFIRMATIVE DEFENSE

Defendants have paid the plaintiff properly for all hours worked.

### AS AND FOR DEFENDANTS' FIFTH AFFIRMATIVE DEFENSE

The Complaint, and each claim purported to be alleged therein, is barred, in whole or in part, by the doctrine of laches.

**AS AND FOR DEFENDANTS' SIXTH AFFIRMATIVE DEFENSE**

The Complaint and each claim purported to be alleged therein, is barred to the extent the plaintiff has unclean hands.

**AS AND FOR DEFENDANTS' SEVENTH AFFIRMATIVE DEFENSE**

Defendants acted in good faith and with reasonable grounds to believe that they were not violating the FLSA and/or NYLL.

**AS AND FOR DEFENDANTS' EIGHTH AFFIRMATIVE DEFENSE**

The Complaint, and each claim purported to be alleged therein, is barred, in whole or in part, by the applicable statute of limitations.

**AS AND FOR DEFENDANTS' NINTH AFFIRMATIVE DEFENSE**

Any amounts properly excluded from the calculation of the regular rate of pay pursuant to 29 U.S.C. §207(e) must likewise be excluded from the calculation of any overtime rate of pay which may be found to be due plaintiff.

**AS AND FOR DEFENDANTS' TENTH AFFIRMATIVE DEFENSE**

Plaintiff is entitled to a jury trial only as to those issues for which a jury trial is permitted by the applicable statutes, regulations and ordinances

**AS AND FOR DEFENDANTS' ELEVENTH AFFIRMATIVE DEFENSE**

The plaintiff may not recover liquidated damages, because Defendants acted in good faith and did not commit willful violation of Applicable Law and the Plaintiff has failed to plead facts sufficient to support recovery of such damages.

**AS AND FOR DEFENDANTS' TWELFTH AFFIRMATIVE DEFENSE**

The plaintiff's claims are barred to the extent the plaintiff failed, refused, and/or neglected to mitigate or avoid the damages complained of in the Complaint, if any.

**AS AND FOR DEFENDANTS' THIRTEENTH AFFIRMATIVE DEFENSE**

The plaintiff's claims are barred, in whole or in part, by the doctrine of de minimis non curat lex.

**AS AND FOR DEFENDANTS' FOURTEENTH AFFIRMATIVE DEFENSE**

Any claim for additional compensation by the plaintiff must be reduced by compensation already paid to the plaintiff for the periods not compensable under the Fair Labor Standards Act and New York State Labor Law.

**AS AND FOR DEFENDANTS' FIFTEENTH AFFIRMATIVE DEFENSE**

Any claim for additional compensation is subject to allowable credits applicable to Plaintiff's employment under the Fair Labor Standards Act and New York State Labor Law.

**AS AND FOR DEFENDANTS' SIXTEENTH AFFIRMATIVE DEFENSE**

Defendants reserve the right to plead other affirmative defenses that may become known during discovery in this case.

**RESERVATION OF RIGHTS**

Defendants expressly reserve the right to amend this Answer and to assert additional affirmative defenses, and to supplement, alter or change this Answer and affirmative defenses upon revelation of more definitive facts by Plaintiff and/or upon the Defendants' undertaking of discovery and investigation of this matter. Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is hereby reserved.

**WHEREFORE**, Defendants respectfully requests that the Complaint be dismissed in its entirety and with prejudice, and that Defendants be awarded attorneys' fees and costs and any further relief deemed appropriate by the Court.

Dated: Uniondale, New York
       November 4, 2020

Respectfully submitted,

RIVKIN RADLER LLP

By: /s/ *Barry I. Levy*
    Barry I. Levy
    John K. Diviney
    Keegan B. Sapp

Rivkin Radler, LLP
926 RXR Plaza
Uniondale, New York 11556-0926
Telephone:   (516) 357-3000
Facsimile:   (516) 357-3333
barry.levy@rivkin.com

*Counsel for Defendant(s), Gary Barnett and Ayala Barnett.*